## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Aurelia Perez, | Case No.: 2:09-cv-00296-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| Central Oregon Truck Company Inc. and Dennis Johnson, | |
| Defendants. | |

Before the Court is Defendants' Motion for Relief from Order Pursuant to FRCP 60 (ECF No. 38). Plaintiff filed a Response (ECF No. 45) to the motion on June 4, 2010. Defendants filed a Reply (ECF No. 46) on June 14, 2010.

For the following reasons, the Court DENIES the motion in part and GRANTS the motion in part.

## **FACTS AND BACKGROUND**

On or about November 20, 2007, Plaintiff Aurelia Perez ("Perez" or "Plaintiff") was driving her car through a four-way stop, when she was struck by Defendant Dennis Johnson's vehicle ("Johnson"), which failed to stop. (Complaint ¶8, p. 2, ECF No. 1). Johnson, who was driving a semi-truck for his employer, Defendant Central Oregon Truck Company Inc. ("CTC" or, collectively with Johnson, "Defendants"), admittedly looked away and did not see the stop sign until it was too late for him to stop. (Plaintiff's Ex. 3, pp. 22-23, ECF No. 45). The Traffic Accident Report states that Johnson attempted to avoid the collision by braking, leaving sixty foot skid marks through the intersection prior to impact. (Plaintiff's Ex. 1, ECF No. 45). Perez acknowledged seeing

Johnson's vehicle when she stopped at the four-way stop, but proceeded through the intersection as she had the right of way.  (Plaintiff's Ex. 2, pp. 64-65, ECF No. 45).

Plaintiff filed the present suit in Nevada state court alleging negligence on the part of Defendants.  Defendants then removed the suit to this Court on the basis of diversity jurisdiction. Plaintiff moved for Summary Judgment on the issue of liability (ECF No. 18), and the Honorable Robert C. Jones held that Defendant was liable. ("Given the evidence presented, a reasonable jury could not find that Plaintiff was *more* negligent than Defendant.") (Order p. 5, ECF No. 33).  Defendant filed the instant Motion for relief from the summary judgment order as to the issue of liability and for clarification as to whether or not Defendants are entitled to offer evidence of comparative negligence on the issue of damages. (ECF No. 38).

## DISCUSSION

### A. Negligence

A prima facie claim for negligence in Nevada, as elsewhere, consists of four elements: "(1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't. LLC*, 180 P.3d 1172, 1175 (Nev. 2008).  Under negligence per se, a court may consider the negligence elements of duty and breach satisfied as a matter of law, leaving only causation and damages to be determined by the fact-finder, where:  (1) a plaintiff can show that a defendant has violated a duty imposed onto him by a criminal or regulatory statute; (2) the plaintiff is a member of the class of persons intended to be protected by the statute or regulation; and (3) the alleged harm resulting is of the kind intended to be prevented by statute.  *Ashwood v. Clark County*, 930 P.2d 740, 743–44 (Nev. 1997) (citing *Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (Nev. 1983)); *see also* Restatement (Second) of Torts § 286.  However, "in Nevada, a party's negligence is generally considered an issue of fact for the jury to decide." *Id.* at

967; *Perez v. Las Vegas Medical Center*, 107 Nev. 1, 4, 805 P.2d 589 (1991) ("Litigants are not to be deprived of a trial on the merits if there is the slightest doubt as to the operative facts.").

Further, Nevada has adopted partial comparative negligence. Nevada Revised Statute § 41.141 states:

> In any action to recover damages for death or injury to persons or for injury to property in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff or his decedent does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the parties to the action against whom recovery is sought.

Prior to the enactment of this statute, any negligence on the part of a plaintiff would bar recovery. *Anderson v. Baltrusaitis*, 113 Nev. 963, 967 n.3, 944 P.2d 797 (1997). This statute now requires that the fact-finder weigh the negligence of the two parties and if the plaintiff was more negligent than the defendant, recovery is barred. N.R.S. § 41.141.

**B.     Rule 60(b)**

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from an order and provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> ...
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Denials of motions under Fed. R. Civ. P 60 are reviewed for an abuse of discretion. *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d

829 (9th Cir. 1986).

Under Rule 60(b)(2), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time  . . . ." Fed. R. Civ. P. 60(b) and (b)(2).  Under a Rule 60(b)(2) motion the moving party must show that the evidence (1) did not exist at the time of trial (hearing), (2) could not have been discovered through due diligence, and (3) was of a magnitude that earlier production would have likely changed the disposition of the case. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

**C.     Analysis**

Defendants present newly discovered evidence from their expert that indicates that Plaintiff could be more than 51% at fault.  Defendants did not have this evidence when the motion for summary judgment was filed because Plaintiff's motion was filed four months after discovery commenced.  Furthermore, even with due diligence Defendants' expert would not have had sufficient time to investigate the accident and author a report prior to the deadline to file a Response to Plaintiff's motion.  Plaintiff does not dispute that Defendants have presented new evidence that could not have been discovered through due diligence.

Defendants present evidence from their expert, Dr. John Baker, which forms the basis for two explanations why Plaintiff may have been more negligent then Defendant. Based on Dr. Baker's investigation, Mr. Johnson took approximately 4 seconds and 175.59 feet to arrive at the point of impact. (Defendant's Ex. E pg. 9, ECF No. 38).  The evidence shows that Plaintiff's vehicle traveled only 16 feet during this four second period. *Id.*  Based on Plaintiff's vehicle's acceleration rate, he opines that Plaintiff's vehicle should have traveled twice the distance it did during the four seconds prior to

impact.  *Id.*

Defendants argue that there are two explanations for why Plaintiff's vehicle only traveled half the distance it should have during the four seconds prior to impact. According to the first explanation, Plaintiff stopped at the stop sign, saw Mr. Johnson's truck approaching, saw and heard Mr. Johnson's truck braking and skidding, but still entered the intersection.  In the second scenario, Plaintiff stopped at the stop sign, but never looked to her left before entering the intersection.  In both scenarios Plaintiff had the opportunity to avoid the accident but did not.  Consequently, Defendants contend that Plaintiff did not exercise reasonable care.

At the summary judgment hearing, this Court questioned whether Defendants had any evidence that Plaintiff proceeded into the intersection *intending* for the accident to occur.   Defendants responded that they did not.  Under the first scenario, that Plaintiff entered the intersection after seeing the Defendant's braking vehicle, a jury could infer intent from the circumstantial evidence provided by Defendants' expert, even if no direct evidence of intent is present.   Plaintiff argues that this reasoning is absurd and that at the hearing, Judge Jones discounted the notion that Plaintiff entered the intersection intending for the accident to occur. (*See* Transcript, p. 4:3-23, ECF No. 41).

The second scenario, that Plaintiff did not look both ways, is refuted by Plaintiff's testimony that she did indeed look both ways before proceeding into the intersection. (*See* Plaintiff's Ex. 2, Deposition of Aurelia Perez, pp. 64:15-18, ECF No. 45).  There appears to be conflicting evidence regarding a material question of fact as to whether Plaintiff did look both ways when she stopped.  However, Defendant has conceded his negligence and admitted that he was the direct cause of the accident. (*See* Order pg. 5:12-15, ECF No. 33).  Plaintiff also argues that Defendants' new theory stemming from Dr. Baker's findings is nothing more than conjecture and is not direct proof that Plaintiff

failed to look before entering the intersection.

When this Court ruled on Plaintiff's motion for summary judgment, this Court considered the following pieces of Defendants' evidence:  Perez stated in her deposition that she saw Johnson's truck coming towards the intersection and did not notice whether or not it was slowing down; Perez claims to have not heard the braking of the truck, yet the evidence shows that there were skid marks for approximately sixty feet before the collision occurred; and Perez indicated to medical personnel that she anticipated the accident, implying she was aware of the truck in the intersection prior to impact. (Order pp. 4-5, ECF No. 33).  On the basis of this evidence, this Court found that a reasonable jury could not find that Plaintiff was more negligent than Defendant. (*Id.* at 5).  This Court went on to state: "Defendants' evidence does not even seem to sufficiently support a claim for negligence, let alone that Plaintiff was more negligent than Defendants." (*Id.*).

The new evidence presented by Defendants and the proposed scenarios are not much different than the evidence this Court considered when granting the summary judgment motion.  It is still very difficult, even with Defendants' new evidence, to believe that Plaintiff would venture into the intersection intending for the accident to occur.  However, the new evidence does conflict with Plaintiff's testimony regarding whether or not she looked both ways when she stopped.  Nevertheless, even if a jury believed Plaintiff did not look both ways, that jury could not reasonably also find that she was more negligent than the Defendants because Mr. Johnson admitted and has conceded that he failed to stop at the stop sign.  Defendants' newly discovered evidence does not amount to a magnitude such that earlier production would have likely changed the disposition of the case.

### D. Evidence of Comparative Negligence for Issue of Damages

Defendants argue that even if the new evidence does not create a genuine issue of

material fact regarding liability, Defendants are still entitled to offer evidence of Plaintiff's comparative negligence on the issue of damages. Defendant cites to a recent Nevada Supreme Court case holding that a finding of liability does not preclude evidence of comparative negligence for purposes of determining damages. *Cromer v. Wilson*, 225 P.3d 788 (Nev. 2010). In *Cromer*, the plaintiff, a passenger of defendant's vehicle, was severely injured when defendant's vehicle went off the road and rolled multiple times. The defendant was convicted of felony DUI and felony Reckless Driving. Pursuant to NRS 41.133[1] the defendant's liability was conclusively established. The Court held that even if liability is conclusive "a defendant may argue comparative negligence pursuant to NRS 41.141 to reduce an award of damages at a trial as to damages only." *Id.* at 790.

Based on this Nevada Supreme Court case, Defendants argue that they are entitled to offer evidence of Plaintiff's comparative negligence on the issue of damages. Plaintiff argues that there is no evidence to support a claim for negligence on the part of Plaintiff citing this Court's Order. (*See* Order p.5:12-15, ECF No. 33 ("Defendants' evidence does not even seem to sufficiently support a claim for negligence, let alone that Plaintiff was more negligent than Defendant.")). However, that Order was issued before the close of discovery and new evidence has now been discovered by the Defendants that could lead a reasonable jury to conclude that Plaintiff was at least somewhat negligent. Therefore, Defendants should be allowed to argue comparative negligence pursuant to NRS 41.141 to reduce an award of damages at trial.

/ / /

/ / /

/ / /

---

[1] NRS 41.133 provides that "[i]f an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability for the injury." NRS 41.133

## CONCLUSION

This Court therefore DENIES in part and GRANTS in part Defendants' Motion to Reconsider. Liability is conclusively established notwithstanding the new evidence offered by Defendants. However, in light of the new evidence, comparative negligence can be argued to reduce the award of damages at trial.

DATED this 3rd day of December, 2010.

_____
Gloria M. Navarro
United States District Judge